# IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| **BRIAN ARNOLD, ROBERT BECK, BOBBY BROCKHOUSE, WILLIAM "KEITH" CALICOTT, LHOUCINE CHAL, CHRISTOPHER CURTIS, SHEYENNE CURTIS, CHRISTIAN DAWSON, INES GARZA, DANIEL GREGORY, BONNIE GUSTASON, RONALD GUSTASON, TIMOTHY HOLT, DAVID MESSBARGER, KIRK RAYMOND, ANDREW RICHARDSON, JULIE SNEAD, GIOVANNI VARGAS, DARIAN WALLER, and JAMES WEST,** *on their own behalves and on behalf of all those similarly situated*, | Case No.: _____ |
| Plaintiffs, | |
| v. | |
| **LME, INC.,** | |
| Defendant. | |

## COMPLAINT FOR RELIEF
### Class Action Under the WARN Act

COME NOW Plaintiffs Brian Arnold (hereinafter "Plaintiff Arnold"), Robert Beck (hereinafter "Plaintiff Beck"), Bobby Brockhouse (hereinafter "Plaintiff Brockhouse"), William "Keith" Calicott (hereinafter "Plaintiff Calicott"), Lhoucine Chal (hereinafter "Plaintiff Chal"), Christopher Curtis (hereinafter "Plaintiff Christopher Curtis"), Sheyenne Curtis (hereinafter "Plaintiff Sheyenne Curtis"), Christian Dawson (hereinafter "Plaintiff Dawson"), Ines Garza (hereinafter "Plaintiff Garza"), Daniel Gregory (hereinafter "Plaintiff Gregory"), Bonnie Gustason (hereinafter "Plaintiff Bonnie Gustason"), Ronald Gustason (hereinafter "Plaintiff Ronald Gustason"), Timothy Holt (hereinafter "Plaintiff Holt"), David Messbarger (hereinafter "Plaintiff

Messbarger"), Kirk Raymond (hereinafter "Plaintiff Raymond"), Andrew Richardson (hereinafter "Plaintiff Richardson"), Julie Snead (hereinafter "Plaintiff Snead"), Giovanni Vargas (hereinafter "Plaintiff Vargas"), Darian Waller (hereinafter "Plaintiff Waller"), and James West (hereinafter "Plaintiff West") (hereinafter collectively referred to as "Plaintiffs") on behalf of themselves and a class of others similarly situated, and for their cause of action against LME, Inc. (hereinafter referred to as "Defendant") state as follows:

## PRELIMINARY STATEMENT

1. Plaintiffs bring this action against Defendant for relief related to its closure of its approximately thirty facilities throughout the county after giving its over one thousand employees less than twenty-four hours of notice.

2. On the afternoon of Thursday, July 11, 2019, Defendant's employees received notification Defendant's employees across the country were notified for the first time that Defendant was closing its doors as of July 12, 2019.

3. Because such closures were not because the company was faltering as defined by applicable law, were not because of natural disaster, and were not because of unforeseeable business circumstances, Defendant's failure to give its employees notice of such closures more than sixty (60) days in advance are a direct violation of the Worker Adjustment and Retraining Notification Act 29 U.S.C. §§ 2101 *et seq.* ("WARN Act"), which gives rise to class claims pursuant to 29 U.S.C. § 2104(a)(5) and Fed. R. Civ. P. 23.

4. Defendant's practices are in direct violation of the WARN Act, and Plaintiffs seek compensation for back pay and lost benefits for up to sixty (60) days after the closure of Defendant's facilities; and attorney's fees, costs, and expenses incurred in this action.

## JURISDICTION AND VENUE

5. This Court has original federal question jurisdiction under 28 U.S.C. § 1331 and 29 U.S.C. § 2104(a)(5) for claims brought under the Worker Adjustment and Retraining Notification Act ("WARN Act"), 29 U.S.C. §§ 2101 *et seq.*

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because substantial part of the events or omissions giving rise to the claim occurred within this judicial district.

## PARTIES

7. Defendant LME, Inc., is and was at all relevant times a for-profit corporation incorporated under the laws of Minnesota with its principal place of business located at 500 W. County Road D, New Brighton, MN 55112.

8. At all relevant times, Defendant LME, Inc., operated a facility located at 5801 Gardner Ave., Kansas City, MO 64120.

9. At all relevant times, Defendant LME, Inc. conducted substantial and continuous business in the state of Missouri.

10. At all relevant times, Defendant LME, Inc. conducted substantial and continuous business in the state of Missouri despite its failure to maintain valid registration with the Secretary of State pursuant to Missouri law.

11. At all relevant times, Defendant LME, Inc., employed Plaintiffs and over one thousand (1,000) at approximately thirty (30) sites of employment.

12. Defendant LME, Inc., is an employer within the meaning of the WARN Act, 29 U.S.C §§ 2101 *et seq.*

13. Plaintiff Arnold is a male citizen of the state of Missouri, residing in Kansas City, Clay County, Missouri. Plaintiff Arnold worked at Defendant's facility located in Kansas City, Missouri.

14. Plaintiff Beck is a male citizen of the state of Missouri, residing in Kansas City, Clay County, Missouri. Plaintiff Beck worked at Defendant's facility located in Kansas City, Missouri.

15. Plaintiff Brockhouse is a male citizen of the state of Missouri, residing in Independence, Jackson County, Missouri. Plaintiff Brockhouse worked at Defendant's facility located in Kansas City, Missouri.

16. Plaintiff Calicott is a male citizen of the state of Missouri, residing in Independence, Jackson County, Missouri. Plaintiff Calicott worked at Defendant's facility located in Kansas City, Missouri.

17. Plaintiff Chal is a male citizen of the state of Missouri, residing in Kansas City, Platte County, Missouri. Plaintiff Chal worked at Defendant's facility located in Kansas City, Missouri.

18. Plaintiff Christopher Curtis is a male citizen of the state of Missouri, residing in Kansas City, Clay County, Missouri. Plaintiff Christopher Curtis worked at Defendant's facility located in Kansas City, Missouri.

19. Plaintiff Sheyenne Curtis is a female citizen of the state of Missouri, residing in Kansas City, Clay County, Missouri. Plaintiff Sheyenne Curtis worked at Defendant's facility located in Kansas City, Missouri.

20. Plaintiff Dawson is a male citizen of the state of Missouri, residing in Independence, Jackson County, Missouri. Plaintiff Dawson worked at Defendant's facility located in Kansas City, Missouri.

21. Plaintiff Garza is a male citizen of the state of Missouri, residing in Blue Springs, Jackson County, Missouri. Plaintiff Garza worked at Defendant's facility located in Kansas City, Missouri.

22. Plaintiff Gregory is a female citizen of the state of Missouri, residing in Kansas City, Jackson County, Missouri. Plaintiff Gregory worked at Defendant's facility located in Kansas City, Missouri.

23. Plaintiff Bonnie Gustason is a female citizen of the state of Missouri, residing in Kansas City, Jackson County, Missouri. Plaintiff Bonnie Gustason worked at Defendant's facility located in Kansas City, Missouri.

24. Plaintiff Ronald Gustason is a male citizen of the state of Missouri, residing in Kansas City, Jackson County, Missouri. Plaintiff Ronald Gustason worked at Defendant's facility located in Kansas City, Missouri.

25. Plaintiff Holt is a male citizen of the state of Missouri, residing in Kearney, Clay County, Missouri. Plaintiff Holt worked at Defendant's facility located in Kansas City, Missouri.

26. Plaintiff Messbarger is a male citizen of the state of Missouri, residing in Independence, Jackson County, Missouri. Plaintiff Messbarger worked at Defendant's facility located in Kansas City, Missouri.

27. Plaintiff Raymond is a male citizen of the state of Missouri, residing in Farley, Platte County, Missouri. Plaintiff Raymond worked at Defendant's facility located in Kansas City, Missouri.

28. Plaintiff Richardson is a male citizen of the state of Kansas, residing in Kansas City, Wyandotte County, Kansas. Plaintiff Richardson worked at Defendant's facility located in Kansas City, Missouri.

29. Plaintiff Snead is a female citizen of the state of Kansas, residing in Independence, Jackson County, Missouri. Plaintiff Snead worked at Defendant's facility located in Kansas City, Missouri.

30. Plaintiff Vargas is a male citizen of the state of Missouri, residing in Kansas City, Clay County, Missouri. Plaintiff Vargas worked at Defendant's facility located in Kansas City, Missouri.

31. Plaintiff Waller is a male citizen of the state of Missouri, residing in Raytown, Jackson County, Missouri. Plaintiff Waller worked at Defendant's facility located in Kansas City, Missouri.

32. Plaintiff West is a male citizen of the state of Missouri, residing in Independence, Jackson County, Missouri. Plaintiff West worked at Defendant's facility located in Kansas City, Missouri.

33. Until July 12, 2019, Plaintiff and others similarly situated for the purposes of this class action also worked at Defendant's locations throughout the United States as employees at plants that were closed without the required 60 days' worth of notice having been provided.

34. Defendant made the decision to terminate the employment of the Plaintiffs and the other similarly situated employees.

## **GENERAL ALLEGATIONS**

35. Plaintiffs all worked for Defendant out of its terminal in Kansas City, Missouri.

36. Defendant employed more than fifty (50) people at its Kansas City, Missouri, terminal, and more than one thousand (1,000) employees nationally.

37. On July 11, 2019, Defendant provided notice to Plaintiffs that it was closing its terminal in Kansas City, Missouri, and all of its other approximately thirty (30) terminals across the country, as of July 12, 2019.

38. Plaintiffs did not receive notice of the closure of the Kansas City, Missouri, terminal prior to July 11, 2019.

39. Plaintiffs did not receive notice of the closure of the Kansas City, Missouri, terminal sixty (60) or more days prior to July 12, 2019.

40. On information and belief, Plaintiffs allege that Defendant did not file for bankruptcy prior to the closure of its approximately thirty (30) terminals across the country.

41. On July 14, 2019, Defendant posted on its website that it would not be able to pay its employees for "at least 90 days if not longer."

## CLASS ACTION ALLEGATIONS

42. Plaintiffs re-allege and incorporate herein by reference, as though fully set forth herein, all of the above numbered paragraphs.

43. All counts in this Complaint are brought against Defendants under Fed. R. Civ. P. 23 as a nation-wide class action.

44. Plaintiff seeks relief individually and on behalf of a class of others similarly situated and bring the below claims on behalf of a class of employees who suffered employment terminations, other than a discharge for cause, voluntary departure, or retirement, due to Defendant's

   a. permanent or temporary shutdown of approximately thirty (30) single sites of employment causing an employment loss for fifty (50) or more full-time employees working at one or more single site of employment; or

b. mass layoff at approximately thirty (30) single sites of employment causing an employment loss for a thirty (30) day period for at least five hundred (500) full-time employees or at least fifty (50) employees comprising at least thirty-three percent (33%) of Defendant's full-time employees.

45. All class members are similarly situated to Plaintiff in that they were employed by Defendant and were provided with notice of a plant closing or mass layoff fewer than sixty (60) days prior to such plant closing or mass layoff.

46. Plaintiff's class claims satisfy the numerosity, commonality, typicality, adequacy and superiority requirements of a class action.

47. The classes satisfy the numerosity standards as Defendant is believed to have employed over one thousand (1,000) people as of July 11, 2019. As a result, joinder of all class members in a single action is impracticable. The class members can be easily identified through records maintained by Defendants. Class members may be informed of the pendency of this class action through direct mail or other appropriate means.

48. There are questions of law or fact common to the Classes, which common issues predominate over any issues involving only individual class members. Factual and/or legal issues common to each class member include:

   a. Whether Defendant's closure of its approximately thirty (30) locations across the country qualified as the permanent or temporary shutdown of a single site of employment, resulting in an employment loss at the single site of employment during any 30-day period for 50 or more full-time employees;

   b. Whether Defendant's closure of its approximately thirty (30) locations across the country resulted in an employment loss at a single site of employment for at least

at least five hundred (500) full-time employees, or at least fifty (50) full-time employees comprising thirty-three percent (33%) of Defendant's workforce;

c. Whether Defendant was obligated to provide notice to its more than one thousand (1,000) employees of its closure of its approximately thirty (30) locations across the country sixty (60) days or more prior to July 12, 2019;

d. Whether Defendant provided notice to its more than one thousand (1,000) employees of its closure of its approximately thirty (30) locations across the country sixty (60) days or more prior to July 12, 2019; and

e. Whether Defendant unlawfully failed to pay its employees sixty (60) days wages and benefits as required by the WARN Act.

49. The aforementioned common questions predominate over any questions affecting individual persons, and a class action is proper as it relates to consistency, economy, efficiency, fairness and equity.

50. The claims of Plaintiffs as the Class Representatives are typical of those of the class because all claims are based on the same facts and legal theories in that class members were employed by Defendant and were subject to the same or similar unlawful practices.

51. A class action is the appropriate method for the fair and efficient adjudication of this controversy. Defendants have acted or refused to act on grounds generally applicable to the class. The presentation of separate actions by individual class members could create a risk of inconsistent and varying results, establish incompatible standards of conduct for Defendant, and/or substantially impair or impede the ability of class members to protect their interests.

52. Plaintiffs are adequate representatives of the class because their interests do not conflict with the interests of the members of the classes they seek to represent. The interests of the members of the classes will be fairly and adequately protected by Plaintiffs and their undersigned counsel.

53. Maintenance of this action as a class action is a fair and efficient method to resolve this controversy. It would be impracticable and undesirable for each member of the classes who suffered harm to bring a separate action. Furthermore, the maintenance of separate actions would place a substantial and unnecessary burden on the courts and could result in inconsistent adjudications, while a single class action can determine the rights of all class members in conformity with the interest of efficiency and judicial economy.

**COUNT I**
**Violation of 29 U.S.C. § 2101** *et seq.*
**WARN Act Violation**

54. Plaintiffs re-allege and incorporate herein by reference, as though fully set forth herein, all of the above numbered paragraphs.

55. Plaintiffs were employed by Defendant at Defendant's Kansas City, Missouri, terminal.

56. Defendant employed one hundred (100) or more full-time and/or part-time employees who in the aggregate worked at least four thousand (4,000) hours per week, exclusive of hours of overtime.

57. Defendant closed its Kansas City, Missouri, terminal, and its other approximately thirty (30) terminals across the country, on July 12, 2019.

58. Defendant's closure of its Kansas City, Missouri, terminal resulted in the permanent or temporary shutdown of a single site of employment causing an employment termination,

other than a discharge for cause, voluntary departure, or retirement during any thirty (30) day period for fifty (50) or more full-time employees.

59. Alternatively, Defendant's closure of its Kansas City, Missouri, terminal resulted an employment termination, other than a discharge for cause, voluntary departure, or retirement during any thirty (30) day period of at least five hundred (500) full-time employees or at least fifty (50) full-time employees comprising at least thirty-three percent (33%) of the Defendant's workforce.

60. Defendants did not provide notice to Plaintiffs of the closure if its Kansas City, Missouri, terminal sixty (60) or more days in advance of such closure.

61. Defendant employed fifty (50) or more people like the Plaintiffs at each of its approximately thirty (30) other terminals across the country that were closed as of July 12, 2019, resulting in the employment loss of such employees, and such employees did not receive notice of such closures from Defendant sixty (60) or more days in advance.

62. Defendant's failure to provide the notice required under the WARN Act was not in good faith.

63. Sixty (60) days prior to July 12, 2019, Defendant was not seeking financing or refinancing through the arrangement of loans, the issuance of stocks, bonds, or other methods of internally generated financing; or seeking additional money, credit, or business through any other commercially reasonable method, that, if obtained, would have been sufficient for Defendant to avoid or postpone the closure of its approximately thirty (30) terminals around the country.

64. Defendant's closure of its approximately thirty (30) terminals around the country was not caused by some sudden, dramatic, and unexpected action or condition outside Defendant's control.

65. Defendant failed to pay the Plaintiff and its other employees their respective wages, salary, commissions, bonuses, accrued holiday pay and accrued vacation for sixty (60) days following their respective terminations, and failed to make the pension and 401(k) contributions and provide employee benefits under COBRA for sixty (60) days from and after the dates of their respective terminations.

66. The relief sought in this proceeding is equitable in nature.

67. Plaintiffs bring this Complaint as a class action pursuant to 29 U.S.C. § 2105(a)(5) and Fed. R. Civ. P. 23, on behalf of all persons who were employed by Defendant on July 11, 2019.

68. The names and addresses of the Defendant's employees across the United States, as well as the rate of pay and benefits that were being provided to said employees, are available from the Defendant. To the extent required by law, notice will be provided to said individuals via First Class Mail and/or by the use of techniques (including a form of notice) similar to those customarily used in class actions.

69. Plaintiffs and Defendant's other more than one thousand (1,000) employees across the United States were entitled to notice of Defendant's closure of its approximately thirty (30) terminals around the country on July 12, 2019, sixty (60) or more days in advance; Defendant did not provide such notice and has therefore violated, and continues to violate, the WARN Act, 29 U.S.C. §§ 2101 *et seq.*, including 29 U.S.C. § 2102(a).

70. Plaintiffs, on behalf of themselves and on behalf of all people employed by Defendant on July 11, 2019, seek back pay and lost benefits for a period of up to sixty (60) days beginning on July 12, 2019, as provided by 29 U.S.C. § 2104(a)(1).

71. Plaintiffs, on behalf of themselves and on behalf of all people employed by Defendant on July 11, 2019, seek recovery of all attorney fees, costs, and expenses of this action, to be paid by Defendant, as provided by 29 U.S.C. § 2104(a)(6).

WHEREFORE, Plaintiffs, on behalf of themselves and all proposed class members, requests that the Court:

a. Grant certification of this matter as a class action on behalf of the proposed putative class members and approve prompt issuance of notice pursuant to Fed. R. Civ. P. 23(b)

b. Designate Plaintiffs Arnold, Garza, and Holt as Representative Plaintiffs, acting for and on behalf of the other Plaintiffs and for the proposed putative class members;

c. Appoint undersigned counsel as Class counsel; and

d. Enter judgment in their favor and against LME, Inc. for an award of wages, salary, commissions, bonuses, accrued holiday pay, accrued vacation pay, pension and 401(k) contributions and other COBRA benefits that would have been covered and paid under the then-applicable employee benefit plans had that coverage continued for the applicable sixty (60) period, due for Plaintiffs and the proposed putative class members; for pre-judgment and post-judgment interest as provided by law; for costs and expenses of this action incurred herein; for reasonable attorneys' fees; and for any and all such other and further legal or equitable relief as this Court deems necessary, just and proper.

*(Signature on following page)*

Respectfully Submitted,

CORNERSTONE LAW FIRM

By: /s/ Joshua P. Wunderlich
Ryan M. Paulus    MO BAR 59712
r.paulus@cornerstonefirm.com
Joshua P. Wunderlich MO BAR 64254
j.wunderlich@cornerstonefirm.com
8350 N. St. Clair Ave., Ste. 225
Kansas City, Missouri 64151
Telephone    (816) 581-4040
Facsimile    (816) 741-8889

ATTORNEYS FOR PLAINTIFFS